|   |   |
|---|---|
| 1 | JEANNE C. WANLASS, ATTORNEY #167215 |
|   | TRIAL ATTORNEY |
| 2 | OFFICE OF THE UNITED STATES TRUSTEE |
|   | 402 West Broadway, Suite 600 |
| 3 | San Diego, CA 92101-8511 |
|   | (619) 557-5013 |
| 4 |   |
|   | Attorney for |
| 5 | TIFFANY L. CARROLL |
|   | ACTING UNITED STATES TRUSTEE |

UNITED STATES BANKRUPTCY COURT

Southern District of California

| In re: | ) | Case No. 11-07388-PB11 |
|---|---|---|
| PREMIER GOLF PROPERTIES, LP, | ) | ACTING UNITED STATES TRUSTEE'S |
| A California limited partnership, | ) | OBJECTION TO DEBTOR'S |
|   | ) | DISCLOSURE STATEMENT |
|   | ) | DESCRIBING CHAPTER 11 PLAN |
|   | ) |   |
|   | ) | Date: July 28, 2011 |
|   | ) | Time: 10:00 a.m. |
|   | ) | Dept: Four |
| Debtor. | ) | Room: 328 |

COMES NOW, the Acting United States Trustee (the "U.S. Trustee"), by and through counsel, and submits the following objections ("Objection") to the adequacy of the proposed Disclosure Statement (the "Disclosure Statement") filed by Premier Golf Properties, L.P., the Debtor and Debtor-in-Possession (the "Debtor"). In support thereof, the U.S. Trustee provides as follows:

Section 1125 (b) of the Bankruptcy Code requires that a proponent a plan of reorganization disclose adequate information in the form of a disclosure statement in order for a hypothetical reasonable investor to make an informed judgment on the plan. Section 1125 (a) (1) provides in pertinent part:

//

//

> [I]nformation of a kind, and in sufficient detail as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims of interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

See, e.g., In re Scioto Valley Mortgage, Co., 88 B.R. 168, 170-71 (B.R. S.D. Ohio 1988); In re Metrocraft Pub. Services, Inc., 39 B.R. 567, 568 (B.R. N.D. Ga. 1984).

The Disclosure Statement fails to contain adequate information pursuant to 11 U.S.C. § 1125 for the following reasons:

### 1. Description and Value of Assets

The Debtor discusses the value of the real property and certain valuation components for the golf club. Does the Debtor own any other assets, such as personal property? A list containing a description and valuation of such other property should be provided. The Debtor also mentions an appraisal of $14,000,000 for the golf operations from Deloitte Financial Advisory Services. Is a copy of this appraisal available for the information of creditors?

### 2. Real Estate Taxes

The Debtor states that it is seeking reappraisal of its real estate taxes on page 14 of the Disclosure Statement. What is the basis for asking for a reappraisal? Are the current appraisals and valuation components of the golf club described on pages 18-22 of the Disclosure Statement likely to impact the value of the real property for real estate tax purposes? When is a decision anticipated? Are there any anticipated costs for the reappraisal? What are the normal and usual real estate tax payments referenced on page 23?

### 3. Yamaha Litigation

The Debtor states on page 24 of the Disclosure Statement that it intends to complete its litigation against Yamaha. What are the anticipated costs of such litigation. What would happen if the Debtor prevails? What is anticipated to happen if the Debtor loses? When is a result anticipated?

///
///

### 4. Debtor's Anticipated Future Financial Condition

The Debtor intends to pay some creditors in full at the completion of the 28 month plan performance period. What is the basis for not making monthly payments to, for example, the non insider unsecured creditors earlier? The Debtor claims to be a solvent enterprise on page 25 of the Disclosure Statement. What is the status of the Debtor's refinancing efforts? The Debtor should disclose its present financial condition and anticipated future condition in greater detail. What is the source of funds to pay the Debtor's ongoing expenses while it tries to obtain financing? What would happen if the Debtor cannot obtain refinancing in 28 months? The Debtor should provide a timeline for creditors to understand what events must occur under the Plan and when they must occur.

### 5. Cash Collateral

The UST is aware that certain cash collateral issues remain outstanding. The Disclosure Statement should disclose the issues outstanding and how their resolution will affect creditors.

### 6. Payments to Insiders

Is the Debtor paying any salaries or other payments to insiders? What about Premier Golf Management, Inc., the Debtor's general partner.

### 7. Means of Implementing the Plan

On page 25-26of the Disclosure Statement, the Debtor discusses its plan to pay only debt service to FENB and real estate tax payments. What is the status and likelihood of obtaining refinancing? Will the Court approval of this transaction be sought?

### 8. Liquidation Analysis

The Debtor's liquidation analysis on page 26 should demonstrate what values and claim percentages creditors can expect to receive in Chapter 11 versus a Chapter 7 liquidation.

### 9. Default Provisions

On pages 29 of the Disclosure Statement, the U.S. Trustee and any other party-in-interest (not just creditors) should be added as a party which can take action if a default occurs. The Debtor should also set forth in greater detail what constitutes a default. Must the Debtor have a fully signed refinancing agreement by 28 months from the effective date? The Debtor should

provide a detailed timeline in which it will obtain financing.

**10.   Discharge**

The Debtor does not appear to be seeking a discharge. Is there any event under which the Debtor would do so?

WHEREFORE, based upon the foregoing, the U.S. Trustee respectfully requests that this Court deny approval of the proposed Disclosure Statement until such issues set forth above are addressed.

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: July 1, 2011       By /s/ Jeanne C. Wanlass
                             Jeanne C. Wanlass,
                             Trial Attorney for the
                             Acting United States Trustee

4